U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Mar 21 - 2024**

John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

|  |  |  |
|---|---|---|
| APRIL CHANDLER. | ) | Case No.3:24 CV-206 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -against- | ) | |
| | ) | **RESPONSE TO MOTION** |
| | ) | **TO DISMISS** |
| | ) | |
| MARK SKIPPER AKA SKIP ARCHIMEDES, | ) | |
| MICHAEL MALOY, THOMAS HARRISION, | ) | |
| DAVID GUC ET AL. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

In response to Defendant's Motion to Dismiss for Improper Venue and Failure to State a Claim:

**Failure to State a Claim**

1.      Plaintiff has demonstrated a sufficient claim against Defendants, including Michael Maloy and his company Empirical Media/Reality.  Defendant deceitfully filed Copyright with the Copyright Office while Plaintiff was patiently waiting for a resolution at the request of Defendant Thomas Harrison on behalf of Vanguard Management owned by David Guc after Plaintiff became aware there was an issue after their friend and co-worker Greg Ellis aka Jonathan Rees contacted each of them, including Mark Skipper aka Skip Archimedes with falsehoods about Plaintiff.

1

2.      Plaintiff emailed Defendant Michael Maloy and cc'd Defendant Thomas Harrison on January 9th, 2024 at 17:28 with viable options in order to resolve issues amicably.  Defendant Michael Maloy ignored communication from Plaintiff and has never responded to Plaintiff's email as of today's date, instead three days later on January 12th, 2024 Defendant Michael Maloy filed Plaintiff's creativity, originality and fixation with the Copyright Office leaving Plaintiff with no choice, but to file legal action in Federal Court against Defendants.

3.      Plaintiff has demonstrated to the Court that Defendant Michael Maloy's actions were clear with his intention to steal Plaintiff's Film knowing his behavior was fraudulent, unprofessional and unethical, as a "Work Made For Hire" on Plaintiff's Film Quest For Youth in return for monetary gain as shown in Exhibit 3 in Plaintiff's "Answer to Court & Exhibits", not in exchange for ownership of Plaintiff's creativity, originality and fixation, which includes, but not limited to, completed Film and Plaintiff's Raw Footage filmed by Plaintiff and/or Producer Frazer Bailey spanning years with cast interviewed for Film with each expert signing video releases willingly agreeing to their footage belonging to Plaintiff: "I understand that all such recordings, in whatever medium, shall remain the property of April Chandler & the Production Company. I have read and fully understand the terms of this release."


**FIRST CAUSE OF ACTION**

**(Direct Copyright Infringement), 17 U.S.C. §501 et seq.**

**Against Defendants**

4.      Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

5.      The Quest For Youth Documentary Film is an original, creative work in which Plaintiff owns a valid copyright.

6.      The Film is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

7.      Plaintiff has not granted Defendants a license or the right to use the Film in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

8.      Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights. Defendant's reproduction of the Film and display of the Raw Footage and/or Trailer, Film Cut on YouTube and other mediums constitutes willful copyright infringement.

9.      Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Film and Raw Footage in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Raw Footage and Film without Plaintiff's consent or authority. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

10.     Defendant Michael Maloy filed copyright with the United States Copyright Office on January 12th 2024 providing USCO with deliberately false and misleading information with the intent to acquire ownership of Plaintiffs Raw Footage, Film and Copyright.

11.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

12.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of her Raw Footage, Film and Copyright pursuant to 17 U.S.C. § 502.


## SECOND CAUSE OF ACTION

**(Sexual Harassment, Gender Discrimination, and Hostile Work Environment under New York State Human Rights Law), N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL")**

**Against Defendants**

13.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

14.     From August 2023, Defendants discriminated against Plaintiff on the basis of her gender in violation of the NYSHRL by subjecting Plaintiff to disparate treatment based upon her gender, including, but not limited to, subjecting her to harassment, emotional distress, and a hostile work environment.

15.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

16.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

17.     Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

18.     This action is timely because it falls within CPLR § 214-j and is brought during

the one-year time period set forth in that section. The claims brought herein allege intentional and negligent acts and/or omissions for physical, psychological, and other injury suffered as a result of conduct that would constitute abuse under New York Penal Law, and such acts and/or omissions were committed against Plaintiff when she was over eighteen years of age.

## THIRD CAUSE OF ACTION

### (Tortious Interference with Contract/Prospective Economic Advantage)

### Against Defendants

19.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

20.     In placing false calls and/or sending emails to Plaintiff's sales agent "Big Media" including, but not limited to, on January 17th 2024 and 25th January 2024, her business associates and distribution, directly throughout New York State, California State, United Kingdom and Canada, Defendant interfered with Plaintiff's affiliations and prospective affiliations and business opportunities.

21.     In interfering with her affiliations and prospective affiliations, Defendant acted with the sole purpose of harming Plaintiff or used improper or illegal means that amounted to a crime or independent tort.

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Business Relations)

### Against Defendants

22.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

23.     Plaintiff is a Professional Filmmaker working in the Entertainment Industry as a Director, Producer and Writer, affiliated with multiple talent agencies and production houses throughout New York State and Los Angeles, California.

24.    In her position, Plaintiff is entrusted with cast's private information, video releases with their personal home address, signature, content and personal matters, with her reputation central to her job as a Director and Producer.

25.    Defendant knew that falsely reporting that Plaintiff was "dangerous", "thief", "fraud" "blackmailer" including, but not limited to, emailing "Big Media" on 17th January 2024 and 25th January 2024 with falsehoods would adversely impact her ability to retain and find new work and engaged in such conduct for that purpose.

26.    As a result of Defendant's actions, Plaintiff has been damaged.

27.    Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION

### (Crime of abuse motivated by gender)

### Against Defendants

28.    Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

29.    From August 2023, the above-described conduct of Defendants including, but not limited to Defendants repeated abuse is a "crime of abuse motivated by gender" against Plaintiff.

30.    The above-described conduct of Defendants, including, but not limited to, Defendant's repeated emotional and psychological abuse of Plaintiff in New York State, constitutes a "crime of abuse" against Plaintiff and is a "crime of abuse motivated by gender"

31.    Defendant Corporations enabled Defendant's commission of the crime of abuse motivated by gender.

32.    As a direct and proximate result of the aforementioned crime of gender-motivated abuse, Plaintiff has sustained and will continue to sustain, monetary damages, pain and suffering, and serious psychological and emotional distress, entitling her to an award of compensatory and punitive damages, injunctive and declaratory relief, attorneys fees and costs, and other remedies as this Court may deem appropriate damages, as set forth in § 10-1104.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### Against Defendants

33.    Plaintiff repeats and re-alleges the allegations stated above as if fully set forth herein.

34.    From August 2023, Defendant has engaged in the intentional, extreme, and outrageous conduct of abuse, harassment, conspiracy and theft of Plaintiff's Film Quest For Youth.

35.    Defendants also contacted Plaintiff's Business Contacts, Sales Agent "Big Media" including, but not limited to, on 25th January 2024 falsely reporting that Plaintiff was a "thief", "dangerous", "con" and shared exclusive websites about Plaintiff with falsehoods to ruin her reputation and financial stability. Defendant did all of this knowing that their decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being, along with negativity impacting Plaintiff's three minor children who are cared for solely by Plaintiff.

36.    Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

37.    Defendant's sole purpose in stealing Plaintiff's Film and Raw Footage was for financial benefit and to harass and embarrass Plaintiff, ruin her reputation and cause her harm.

38.	Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

## SEVENTH CAUSE OF ACTION

### (Stalking/Cyberstalking) 18 U.S.C. § 2261A

### Against Defendants

39.	Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

40.	From August 2023 until filing in Federal Court, Defendants with intent to harass and intimidate Plaintiff used an interactive computer service, an electronic communication service, an electronic communication service of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotion distress to Plaintiff in violation of Title 18, United States Code, Section 2261A(2).

41.	Defendants intent on destroying Plaintiff, stalked her sharing aspects of her life with an exclusive website sent to her Sales Agent "Big Media" including, but not limited to, on 17th January 2024 and 25th January 2024, and her business associates to harm Plaintiff and ruin her reputation, humiliate and harm Plaintiff with falsehoods and distorted facts ongoing as of filing action against Defendant in Federal Court with Defendants acting in a calculated and vengeful way in Defendant's pursuit to hurt and destroy Plaintiff.

42.	Defendant clearly intent on harming Plaintiff, shared a flyer with falsehoods about Plaintiff to negatively impact Plaintiff by sharing the flyer and website links electronically to Plaintiff's board members, business associates, contractors working with Plaintiff, friends, and other industry people to cancel Plaintiff in the Entertainment Industry and prevent her from distributing her projects.

43. Defendants intent on revenge, created a hate campaign on social media platforms against Plaintiff, recruiting enablers against Plaintiff to harm, embarrass and reputation savage Plaintiff and her projects, destroying her business and role as a Producer and Director in the Entertainment Industry.

44. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendants for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION

### (Harassment) NY Penal Law 240.26

### Against Defendants

45. Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

46. From August 2023 until filing in Federal Court, Defendants with intent to harass and intimidate Plaintiff used an interactive computer service, an electronic communication service, an electronic communication service of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotion distress to Plaintiff in violation of NY Penal Law 240.26.

47. Defendants intent on destroying Plaintiff, harassed and stalked her and shared aspects of her life with an exclusive website sent to her Sales Agent "Big Media" including, but not limited to, on 17th January 2024 and 25th January 2024, and her business associates to harm Plaintiff and ruin her reputation, humiliate and harm Plaintiff with falsehoods and distorted facts ongoing

9

as of filing action against Defendant in Federal Court with Defendants acting in a calculated and vengeful way in Defendant's pursuit to hurt and destroy Plaintiff.

48.     Defendant clearly intent on harming Plaintiff, shared a flyer with falsehoods about Plaintiff to harass and negatively impact Plaintiff by sharing the flyer and website links electronically to Plaintiff's board members, business associates, contractors working with Plaintiff, friends, and other industry people to cancel Plaintiff in the Entertainment Industry and prevent her from distributing her projects.

49.     Defendants intent on revenge, created a hate campaign on social media platforms against Plaintiff, recruiting enablers against Plaintiff to harm, embarrass and reputation savage Plaintiff and her projects, destroying her business and role as a Producer and Director in the Entertainment Industry.

50.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendants for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINETH CAUSE OF ACTION

### (Piracy Under Law of Nations) 18 U.S. Code § 1651

### Against Defendants

51.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

52.     New York's criminal code are laws designed to protect the intangible property of New York State Residents. Defendants are subject to 17 U.S.C. § 506, for online piracy for willfully

infringing on Plaintiff's copyright for financial gain knowing Defendants did not have the right to do so.

53.    Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**TENTH CAUSE OF ACTION**

**(Libel and Slander)**

**Against Defendants**

54.    Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

55.    Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. First disparaging statement "Plaintiff is an Attempted Murderer".

56.    Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

57.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

58.     Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. Second disparaging statement "Plaintiff is a Thief".

59.     Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

60.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

61.     Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and

defamatory statement actually caused damage. Third disparaging statement **"Plaintiff is Dangerous"**

62.     Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRTEENTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

63.     Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

64.     Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. Fourth disparaging statement **"Plaintiff is a Fraud"**.

65.     Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTEENTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

66.    Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

67.    Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. Fifth disparaging statement **"If you would like to read more information on April Chandler then please check this website out because she has conned so many people and I wouldn't wish for this to happen with your company."**.

68.    Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTEENTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

69.    Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

70.    Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least,

the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. Sixth disparaging statement **"She was hired as an Executive Producer but she ended up trying to black mail all the people that were involved with it"**.

71.   Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTEENTH CAUSE OF ACTION

### (Libel and Slander)

### Against Defendants

72.   Plaintiff repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

73.   Including, but not limited to, on 25th January 2024, Defendants made defamatory and disparaging statements oral and/or written about Plaintiff, is in fact false; that, at the very least, the Defendant made the statement and negligent in doing so; and that the disparaging and defamatory statement actually caused damage. Seventh disparaging statement **"April Chandler has committed many legal offences regarding this"**.

74.   Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for their willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest,

attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**Improper Venue**

75.     Plaintiff resides in Broome County, New York.

76.     Since Plaintiff has known Defendant's Michael Maloy, Thomas Harrison and David Guc and Plaintiff begun working with their respective companies also listed as Defendants, Plaintiff has lived and worked from her residence in Broome County, New York.

77.     Defendants are aware Plaintiff is domiciled in New York State, 'Williamson v. Osenton' prior to being introduced to Defendants with meetings held remotely and discussions about Plaintiff's direction for her Documentary Film Quest For Youth conducted via text, email and phone calls.

78.     Defendant Michael Maloy is aware drives for Quest For Youth were situated with Plaintiff in Broome County, New York and sent to him from USPS, 200 Washington Avenue, Endicott, NY, 13760 in August 2023 to his home address in Venice, California.

79.     The claim arose in New York State.

80.     Not all Defendants reside in California, with Mark Skipper aka Skip Archimedes residing in Norfolk, United Kingdom.

81.     In cases based on diversity of citizenship the lawsuit may be filed in the jurisdiction where the Plaintiff or the Defendant resides. 28 U.S.C. § 1332

82.     Given the diversity of Defendants and the Plaintiff domiciled in the Northern District of New York State, this Court and Judicial officers have proper jurisdiction and the right to act over Plaintiff's case against Defendant's.

Signed: _____

Plaintiff
Date: 03/21/2024