U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Apr 02 - 2024
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APRIL CHANDLER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL MALOY<br><br>    Defendant | Case No.: 324-CV-206<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW** |

TABLE OF CONTENTS

Introduction …………………………………………………….1

Argument ……………………………………………………….2

Conclusion ……………………………………………………...6

Exhibit …………………………………………………………..7

SUPPLEMENTAL MEMORANDUM OF LAW - 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APRIL CHANDLER,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL MALOY<br><br>       Defendant | Case No.: 324-CV-206<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW** |

## **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

### **INTRODUCTION**

In the interests of justice and judicial economy, Defendant submits this Supplemental Memorandum of Law in in support of his motion to dismiss Plaintiff's amended complaint in accordance with FRCP 12(b)(6) **Failure to State a Claim** and 12(b)(3) **Improper Venue.**

As set forth in greater detail in the Memorandum, Plaintiff has:

1) Failed completely to set forth material facts which relate to any conduct (good or bad) which relates in any manner to defendant.

 2) Failed to establish proper venue.

# ARGUMENT

1) Actions are subject to dismissal when there is a **Failure to State a Claim** under Rule 12(b)(6) where the allegations in a complaint are insufficient to establish a cause of action.

All federal civil complaints must contain sufficient factual matter to give the claim facial plausibility and allow the court to draw reasonable inference that the defendant is liable for the misconduct alleged. *See* Ashcroft v. Iqbal, No. 07-1015 (U.S. May 18, 2009) which places on plaintiffs the burden of showing that their complaints are adequate, rather than requiring the defendant to prove the pleading's inadequacy, stating 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' and that federal civil complaints must contain 'more than unadorned, the-defendant-unlawfully-harmed-me accusations.' Rather than showing a conceivable right to relief, the plaintiff now must show a plausible, fact-based right to the relief sought. The complaint must do more than allege the plaintiff's entitlement to relief, it must show that entitlement with facts.

Plaintiff's amended complaint contains 'threadbare' recitals of elements which are at best vague and irrelevant and at worst seek to shade the truth or are outright lies.

Language like *'petitioner was cautious given defendant's friendship with Greg Ellis and something didn't feel right'* (paragraph 4 in the amended complaint) or *'defendant Michael Maloy ghosted petitioner'* (paragraph 6 in the amended complaint) are examples of this vagueness and hardly causes for action.

SUPPLEMENTAL MEMORANDUM OF LAW - 3

Language like *'defendant was introduced as a work made for hire editor'* (paragraph 3 in the amended complaint) or *'after the petitioner completed the film narration and produced and directed the project to fruition'* (paragraph 6 in the amended complaint) are outright lies, easily provable with documentary evidence.

The complaint also contains the conclusory statements that the defendant *'had already filed a copyright application, fraudulently failing to disclose that he was work made for hire'* (paragraph 18 in the amended complaint) and *'petitioner <u>believes</u> defendants concocted their plan with a clear intention to harm petitioner with a conspiracy to steal petitioner's film and raw footage'* (paragraph 26 in the amended complaint). There are no factual enhancements to these conclusory statements and no mention of legal rights plaintiff believes the defendant violated.

Re the copyright conclusory statement, the U.S. Copyright office holds that a copyright work is 'made for hire' when a certain type of work is created as a result of an express written agreement between the creator and a party specially ordering or commissioning it that the work shall be considered a work for hire. There was no such written agreement between the parties that contained any language that could be construed as 'work for hire.' (See attached Exhibit #1)

Re the conspiracy conclusory statement, civil conspiracy is not considered a separate cause of action. This means there must be an underlying tort to bring a civil conspiracy claim. If the acts were lawful under tort law, the claim for civil conspiracy would fail. The plaintiff must also prove that the conspirators intended to commit an unlawful or tortious act. Plaintiff here does not cite any torts or applicable laws.

SUPPLEMENTAL MEMORANDUM OF LAW - 4

The amended complaint makes a vague claim for relief based on a hypothetical and conjectural estimate of future earnings, *'a substantial sum which could return $2.5m - $5m to petitioner paid over 3 years for global distribution.'* (paragraph 26 in the amended complaint).

Plaintiff offers no evidence of this that is concrete, particularized, actual or imminent and is therefore not adequate grounds for relief. Plaintiff's predictions of injury are merely speculative, depending on guesses about plaintiff's circumstances.

2) Actions are subject to dismissal when there is an **Improper Venue** defense under Rule 12(b)(3) when the venue where the action is filed is incorrect.

Generally in civil court, where the defendant lives and the extent to which the lawsuit is tied to a specific location are key considerations when determining venue. Usually, venue is in the county where the person being sued lives or does business or the dispute arose, for example where a contract was entered into or broken.

According to 28 U.S. Code § 1391 which governs all civil actions in district courts of the United States, a civil action may be brought 1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and most importantly in this case, 3) if the jurisdiction is based in whole or in part on the presence of a case which 'arises under the Constitution, laws or treaties of the United States', the venue is limited to the district where the defendant resides.

SUPPLEMENTAL MEMORANDUM OF LAW - 5

Defendant Michael Maloy lives and does business in Los Angeles County, California. As evidenced by Plaintiff's Exhibit #5, pages 18- 19 (Document 13, filed 3/6/24) Plaintiff's business address is in Los Angeles County.

The plaintiff's case relies in part on its federal jurisdiction due to a claim that U.S. Copyright law was violated.

Furthermore, the contract that is the predicating event for this case contains this language: *'This agreement shall be construed, interpreted and governed by the laws of the State of California.'* and, *'All disputes, which may arise between or among the parties hereto under or with respect to this Agreement, will be determined solely by arbitration in accordance with the rules of the American Arbitration Association.'* (See attached Exhibit #1)

Relying on the arguments above, defendant asserts that this court's venue is improper.

SUPPLEMENTAL MEMORANDUM OF LAW - 6

# **CONCLUSION**

For the aforementioned reasons, Defendant respectfully requests that the court should dismiss the case with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3).

An accepted principle of judicial restraint is that federal courts will address only 1) an actual case or controversy and 2) there can be no case or controversy without a plaintiff who has suffered actual or imminent injury traceable to defendant's conduct and who, therefore, has standing to sue.

Upon information and belief, I assert that plaintiff has no standing on which to sue.

Respectfully,

4/2/24

Dated  Signature

Michael Maloy  440 N. Venice Blvd, Venice, CA 90291

Name  Address

310-962-3122  Maloytv@mac.com

Telephone Number  E-mail Address

SUPPLEMENTAL MEMORANDUM OF LAW - 7

# EXHIBIT #1

Contract between defendant and plaintiff.

**LETTER OF AGREEMENT**

Dated: January 5, 2023

Re: Fountain Of Youth Documentary Project

This letter sets forth the material terms of the agreement *("Agreement"*) between Empirical Media (*"Producer;"*) and April Chandler/Mephobia Media (*"Executive Producer"*), with respect to the production of a documentary project tentatively entitled, "The Fountain Of Youth" as follows:

1. In collaboration with Executive Producer, Producer will create a revised version of the existing documentary.

2. Producer, for a fee not to exceed $75,000, will manage all aspects of the creation and delivery of the documentary, including writing, editing, graphics, music, voice-over, audio mix and color correction.

3. Terms of payment are as follows: Upon execution of the agreement, 50% of Producer's fee; 25% upon approved final edit; 25% upon delivery.

4. All disputes, which may arise between or among the parties hereto under or with respect to this Agreement, will be determined solely by arbitration in accordance with the rules of the American Arbitration Association

5. This agreement shall be construed, interpreted and governed by the laws of the State of California applicable to agreements entered into and wholly performed therein and is a binding contract between and among the undersigned. Facsimile counterparts shall be deemed acceptable. Please indicate your agreement with the foregoing by signing in the space provided below.

| Very Truly Yours, | **ACCEPTED AND AGREED:** |
|---|---|
| _____ | _____ |
| Michael Maloy | April Chandler |
| Empirical Media | Mephobia Media |
| Date: _____ 1/23/23 | Date: _____ 1/23/23 |

SUPPLEMENTAL MEMORANDUM OF LAW - 8

# CERTIFICATE OF SERVICE

I, Michael Maloy, hereby certify that on the 2nd day of April, 2024, I sent a copy of this filing to Plaintiff at her last known address via first class mail.

April Chandler

200 Washington Avenue

#7181

Endicott, NY 13760

4/2/24

Date                              Signature

SUPPLEMENTAL MEMORANDUM OF LAW - 9