

# BURDICK LAW PLLC

Benjamin M. Burdick, Esq.
217 S. Salina St., 6th Floor | Syracuse, NY 13202
ben@burdick.law | (315) 727-1540

*VIA PACER/ECF*

The Hon. Miroslav Lovric
United States Magistrate Judge
Federal Building & U.S. Courthouse
15 Henry St.
Binghamton, NY 13901

June 26, 2024

> **Re:** ***Chandler v. Skipper*, No. 3:24-cv-00206-GTS-ML**
> **Regarding Plaintiff's Changes to Second Amended Complaint**

Dear Judge Lovric:

This firm represents Defendants Michael Maloy and Empirical Media, LLC (together, "Maloy Defendants").

On June 18, 2024, the Court held a hearing regarding Plaintiff April Chandler's Motion to Amend Complaint (ECF 69), which included a Proposed Second Amended Complaint ("Proposed SAC") (ECF 69-3). The Court granted that motion and directed Plaintiff to file *"the proposed Second Amended Complaint… by 6/25/2024"* (ECF 81) (emphasis added). The Court orally indicated that Plaintiff was to file the Proposed SAC without modification. On June 21, 2024, Plaintiff filed a Second Amended Complaint ("SAC") (ECF 82).

I write to advise the Court that the SAC as filed differs in certain material respects from the Proposed SAC which the Court granted leave to file (*compare* ECF 82 *with* ECF 69-3). Specifically, the SAC contains new factual allegations, new legal theories, and a request for new relief. I have identified the following changes which are present in the SAC but not in the Proposed SAC. I have included below only substantive changes that are not limited to changes in capitalization, punctuation, or paragraph breaks.

- ¶ 5: Insertion of "with a substantial investment made by Plaintiff spanning years to produce the film from concept to First Cut."

- ¶ 6: Insertion of "and received monetary compensation from Plaintiff and would have received a final payment from Plaintiff on completion and sign off of Final Cut ready for worldwide distribution. Defendants have not paid

Plaintiff any money, nor has she received any form of compensation from Defendants or anyone else for her role in the Film as the Producer, Director and Narrator."

- ¶ 11: Insertion of "invasion of Plaintiff's privacy, including, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 14: Replacement of "attempting" by "with clear intentions".

- ¶ 17: Insertion of "'Vanguard'"; replacement of "they" with "Defendant Thomas Harrison".

- ¶ 22: Insertion of "and under Torts code 320 personal injury, assault, libel and slander, 28 U.S.C § 4101, 18 U.S.C. § 2261A, invasion of privacy, and intentional infliction of emotional distress."

- ¶ 26: Insertion of "Defendants contacted Plaintiff's associates, agents and distributors based in New York State with the intention of interfering with Plaintiff's business and was aware that their actions would directly affect a New York resident, and is the subject of this court's long arm jurisdiction statute."

- ¶ 37: Insertion of "Vanguard website reads:".

- ¶ 39: Insertion of "Vanguard website reads:".

- Deletion of ¶ 42 in Proposed SAC.

- ¶ 76: Insertion of "then signed by the crew member".

- ¶ 127: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 133: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 138: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 144: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 150: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 156: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- Thirteenth Cause of Action: Deletion of "N.Y. Penal Law 240.26".

- ¶ 162: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 168: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 171: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 174: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 177: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 180: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 183: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- ¶ 186: Insertion of "invasion of privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain".

- Prayer for Relief: Insertion of new ¶ VII reading "Appropriate injunctive relief against Defendants, including a permanent injunction stopping Defendants from defaming, invading privacy, unlawfully intruding into Plaintiff's private affairs, disclosing her private information, publicizing her in a false light, and appropriating her name for personal gain, stalking and harassing Plaintiff. Privacy is a fundamental right that the legal system is designed to safeguard."

As required by L.R. 7.1(a)(2), prior to seeking Court intervention, I contacted Plaintiff Chandler to attempt to resolve this issue. I stated my view that she was not permitted to make substantive modifications to the Proposed SAC, and requested that she refile a corrected SAC that did not include the foregoing changes. Plaintiff declined to do so, stating that "What the judge said is that I can't add any new claims, not that I couldn't amend the text for it to read better."

I respectfully disagree with Ms. Chandler that the foregoing changes are consistent with the Court's Order granting her Motion to Amend, or that they can properly be characterized as "amend[ing] the text for it to read better." While some changes could arguably be characterized as insignificant (*see, e.g.*, SAC ¶¶ 37, 39), the changes also include:
- a significant (albeit meritless) new set of legal theories involving privacy torts (*see* SAC ¶¶ 11, 127, 133, 138, 144, 150, 156, 162, 168, 171, 174, 177, 180, 183, 186; *see also* ECF 92-1 ¶ 7 ("This is an action for … invasion of privacy"));
- new factual allegations (*see* SAC ¶¶ 5, 6, 26, 76);
- citation to new statutes (*see* SAC ¶ 22); and
- a demand for new injunctive relief (*see* SAC Prayer for Relief ¶ VII).[1]

I understand Ms. Chandler's position to be that her changes were permissible as they do not formally list any new causes of action. This position is untenable. These changes—in particular the repeated references to the torts of invasion of privacy, intrusion upon seclusion, public disclosure of private facts, false light, and appropriation of name or likeness—are clearly intended to state new legal theories and will require additional work on my part (as well as other counsel) to respond to. These unapproved changes, if allowed to stand, would be an end run around the rules requiring Court approval to file amendments not allowed as of right (*see* Fed. R. Civ. P. 15(a)(2); L.R. 15.1(a),(c)). In particular, the rule requiring that Plaintiff submit a

---

[1] It was also improper for the SAC to unilaterally drop Empirical Reality LLC as a party without Court approval (*see* Proposed SAC ¶ 42, absent from SAC), as the Court clearly indicated at last week's hearing (*see also* Fed. R. Civ. P. 21). However, Maloy Defendants do not oppose Plaintiff's Motion to drop Empirical Reality as a party (ECF 87).



redline copy (L.R. 15.1(a)) would be meaningless if Plaintiff were free to make additional modifications without approval.

District courts in this Circuit have recognized that "an amended pleading or a portion thereof should be stricken … if it is significantly or materially different from the proposed amended pleading." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 2010 U.S. Dist. LEXIS 106353, *12-13 (S.D.N.Y. Oct. 4, 2010) (citing *Montgomery v. City of Ardmore*, 365 F.3d 926, 943 (10th Cir. 2004)). The *TouchTones* court declined to strike an amended complaint because the differences from the court-approved proposed amended complaint did not "expand[] the scope of its claims, [but] merely clarifie[d] the allegations." In contrast, here, the SAC materially expands the scope of Plaintiff's claims by making extensive—and new—allegations of privacy torts.

I therefore intend to ask the Court for the following relief:[2]

1. Strike the SAC (ECF 82) for failure to comply with the Court's Order; or

2. In the alternative, strike those portions of the SAC that were not included in the Proposed SAC, in particular those relating to privacy torts; and

3. If the SAC is not stricken in full, grant all Defendants an additional seven (7) days to respond to the SAC, making Maloy Defendants' response due on or before July 12, 2024 (*see* Fed. R. Civ. P. 15(a)(3)).

Pursuant to L.R. 7.1(a)(2), I respectfully request a conference to address this issue; however, should the Court determine a conference is unnecessary, I consent to the Court's determination without a conference. I respectfully request that any conference be held remotely via telephone or videoconferencing software.

Respectfully submitted,

**BURDICK LAW PLLC**

Benjamin M. Burdick

---

[2] I have conferred with counsel for Vanguard Management, David Guc, and Thomas Harrison ("Vanguard Defendants") and they join in this letter.